PEOPLES' SAVINGS BANK v. THE WATERLOO AND CEDAR FALLS RAPID TRANSIT CO. *et al*, ON CROSS PETITION OF THE FISCHER FOUNDRY & MACHINE CO. v. THE WATERLOO &. CEDAR FALLS RAPID TRANSIT COMPANY, Appellant.

Sales: BREACH OF WARRANTY: DAMAGES: LOSS OF PROFITS. In a
1    suit to recover the purchase price of a stationary steam engine
    sold on a general warranty, loss of profits in carrying passen-
    gers to and from a summer resort, resulting from a failure of
    warranty, are too speculative and uncertain for recovery as dam-
    ages, but loss in case passengers are compelled to leave the car
    by reason of failure of the engine to comply with the warranty,
    and excessive use of coal, injury to the generator, and for ex-
    tra labor, are proper elements of damage.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, DECEMBER 19, 1902.

ACTION in equity to recover the purchase price of a stationary steam engine sold to the appellant, and to establish a lien thereon. Counterclaim for breach of warranty. Judgment for the cross-petitioner, and the transit company appeals.—*Reversed.*

*Mullan & Pickett* for appellant.

*Edwards & Longley* for appellee.

SHERWIN, J.—The engine was bought for the purpose of driving an electric generator which supplied the power for the operation of the appellant's urban and interurban line of railway, and this purpose was known to the seller. There was a full warranty of the engine as to power, control, regularity of work, steam economy, and general

efficiency. It was installed and started by an expert engineer furnished by the company, who, by the terms of the contract, was to operate it ten days. The evidence conclusively demonstrates that the engine wholly failed to work as warranted. The expert engineer sent out from Pittsburg, Pa., to install and operate it for the specified time, spent nearly a month in a futile attempt to make it operate as it should under the terms of the contract, and left it without having been able to run it to his own satisfaction, even. Another expert was then sent on, who spent two weeks or more in a like effort, and with a like result. The appellant did not return the engine, but pleads a breach of the warranty, and asks a recovery on its counterclaim for various items of alleged damage.

The first item, which is a claim for a failure to install and operate the engine the agreed time, seems to have been disclaimed by the appellant in the testimony of its president and general manager, Mr. Cass; but, were this otherwise, there is a failure of proof on this branch of the case, which will be disposed of in discussing the claim for loss of profits in the transportation of passengers and freight. The appellant was operating its line of road through the city of Waterloo and to Cedar Falls, some seven miles distant. It also ran to a park which was extensively used during the outing season for literary entertainments and other sources of pleasure. And it asks a recovery for loss sustained by reason of its inability to transport passengers over its line occasioned by the failure of the engine to do the work for which it was purchased and installed. The loss of profits is generally held to. be too uncertain and speculative to furnish the foundation for the recovery of damages. In a. case which involved the same principle, we held there could be no recovery. *Brownell v. Chapman*, 84 Iowa, 504. And that case is decisive of this. See, also, *Checkrower Co. v. Bradley*, 105 Iowa, 537.

The evidence offered in support of this claim is based largely upon the earnings of the company in transporting passengers to the summer resort mentioned, in previous years. The public, however, is at times capricious. Some times it travels, and sometimes it does not, depending upon too many conditions to make it at all certain that it will continue to follow the same line of pleasure year after year; and the profits to be derived from transporting it are too speculative and uncertain to furnish a safe rule for compensation in damages. There is evidence proving that passengers who had boarded cars for transportation were compelled to leave them before they had reached their destination on account of failure of power to run the cars, and were the loss ensuing from such conditions shown, we think it would be just to allow it, but it is not shown. The appellee concedes that, if proven, the appellant's claims for excessive use of coal, for injury to boilers and to the generator, and for extra labor, should be allowed. Without detailing the evidence in support thereof, we conclude that there should be a recovery for the coal, extra labor, and injury to the generator, in the sums claimed. The claim for injury to boilers is not proven. This conclusion practically balances accounts between the parties hereto, and neither is entitled to judgment against the other. Each party will pay its own costs.—REVERSED.